**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OSCARI NAZARETH MICHELLANGELLI QUINTERO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-746-R |
| TODD M. LYONS, et al., | ) ) ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Oscari Nazareth Michellangelli Quintero, a noncitizen[1] and Venezuelan

national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"),

Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and

Customs Enforcement ("ICE").  United States District Judge David L. Russell referred this

matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-

(C).  Doc. 4.  The undersigned set an expedited briefing schedule, Doc. 9, and the Petition

is at issue.  For the reasons set forth below, the undersigned recommends that the Court

grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond

hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release

her if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'"  *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.      **Background**

Petitioner, a citizen of Venezuela, entered the United States on June 9, 2021, without inspection or admission.  Pet. at 4; Doc. 15-1 at 1 (Notice to Appear).  On June 12, 2021, ICE detained her.  Pet. at 4; *see also* Doc. 15-2 (Notice and Order of Expedited Removal from June 2021).  On June 24, 2021, Petitioner was released from ICE custody.  Resp. at 11; Doc. 15-4 at 1, 4 (Order of Release on Recognizance).   Petitioner alleges that when she was released, she was issued a Notice to Appear placing her into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a at that time.  Pet. at 4.  But because ICE did not submit the Notice to Appear, removal proceedings were not initiated at that time.  *Id*.  Petitioner's Order of Release on Recognizance stated that she "must not violate any local, State, or Federal laws."  Resp. at 11; Doc. 15-4 at 1.

On November 22, 2025, ICE arrested Petitioner pursuant to a § 1226 warrant from the Dallas Police Department after her arrest for driving under the influence.  Resp. at 11; Doc. 15-6 at 1 (Warrant for Arrest of Petitioner).  Upon her re-detention, ICE submitted her Notice to Appear initiating removal proceedings, and Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 5; Resp. at 12; Doc. 15-1 at 1.

On February 4, 2026, Petitioner requested a bond hearing before an Immigration Judge ("IJ").  Doc. 15-7 (Petitioner's Motion for Bond Hearing).  The request was denied because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  Doc. 15-8 at 1 (IJ Order denying bond due to *Hurtado*).  *Hurtado* holds those noncitizens who entered the country without admission or parole are ineligible

2

for a bond hearing.  On March 22, 2026, Petitioner filed an Application for Asylum and for Withholding of Removal.  Pet. at 4.  She also alleges she is seeking adjustment of status to a legal permanent resident through her marriage.  *Id.*

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma.  *Id*. at 3.  She remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 11, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in her Petition.

- **Count I: Violation of Due Process.**  Petitioner alleges her continued detention in violation of 8 U.S.C. § 1226 violates her right to due process under the Fifth Amendment to the Constitution.  Pet. at 5-6. She further alleges she should have been afforded pre-deprivation process before being re-detained because she had previously been determined not to be a flight risk and released on her own recognizance.  *Id.* at 6.

- **Count II: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges the revocation of her release and her continued detention without an individualized determination violates the INA.  *Id.* at 7.  Petitioner also alleges her unlawful detention violates 8 C.F.R. § 236.1(c)(9) and the Administrative Procedure Act ("APA").  Pet. at 8.

- **Count III**: **Violation of the Fourth Amendment.**  Petitioner alleges her detention without a warrant or probable cause determination within 48 hours violates her Fourth Amendment rights.  *Id*. at 9-10.

She asks the Court to "order that Respondents release [her] from detention under the same conditions of release that existed prior to the unlawful detention."  *Id*. at 10 (citation modified).  Petitioner also requests additional injunctive relief, such as return of her

3

personal property and that Respondents do not remove her during the pendency of these proceedings. *Id.* at 10-11.

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Analysis

### A.    Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), she is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306

4

(2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner alleges she is detained in violation of § 1226(a). Pet. at 6. Respondents contend Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A). Resp. at 14. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States, (2) § 1226(a) is reserved for those who do not fall within the confines of § 1225(b)(2)(A), and (3) an "applicant for admission" is necessarily "seeking admission" for purposes of the INA. *Id.* at 14-21.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's detention and grant the Petition in part to the extent she seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez*, 2025 WL 3709021, at *3 (citation modified). "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant." *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *3 (W.D. Okla.

Feb. 5, 2026) (citation modified).  The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not detained when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended.  Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination."  *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).  Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge Palk, Judge DeGiusti, Judge Jones, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[2]  This conclusion is also in accord with the Second, Sixth, and

---

[2] *See, e.g., Valdez,* 2025 WL 3709021, at *3; *Coreas v, Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3

Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).[3] In contrast, the Fifth and Eighth Circuit Courts of Appeals recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).[4] *See Perez*, 2026 WL 315065, at *3 (finding the Seventh Circuit's analysis "persuasive" and concluding § 1226(a) governs a similarly situated petitioner's detention "in accordance with the vast majority of district courts in this judicial district, in the district courts within the Tenth Circuit and across the country to have address the same issues as those raised by Petitioner") (citation modified); *see also*

---

(W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

[3] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56, 861-63, 871-77 (7th Cir. 2026).

[4] This conclusion is further supported by the fact Petitioner was detained and later released on recognizance under § 1226 in June 2021. Resp. at 11; Doc. 15-4 at 1; *see, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release under § 1226 indicates she "was—and continues to be—subject to discretionary detention under § 1226").

*Brena Escobedo v. Holt,* No. CIV-25-1553-R, 2026 WL 989109, at \*1 n.1 (W.D. Okla. Apr. 13, 2026) (acknowledging the 2-1 decisions in *Avila* and *Buenrostro-Mendez* but continuing to apply § 1226(a) to govern detention for a similarly situated petitioner).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release her if she does not have a lawful bond hearing within that period.

**B.     The proper remedy is a bond hearing.**

Petitioner does not request a bond hearing and instead only seeks an "order that Respondents release [her] from detention under the same conditions of release that existed prior to the unlawful detention." Pet. at 10 (citation modified). Consistent with the Court's approach in previous cases, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at \*1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests her immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))). As this Court previously acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Id.* (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process she is due under the

8

statute." *Id.* (citation modified).   Accordingly, consistent with the Court's approach in previous cases, the undersigned recommends Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).[5]

### C.    The Court should decline to address Petitioner's remaining claims.

Petitioner also argues her continued detention without a bond hearing violates the APA, the Fourth Amendment, and her right to due process.  Pet. at 6-10.  If the Court grants Petitioner relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of her remaining claims based on her continued detention.  *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[6]

---

[5] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures.  *See, e.g., Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). However, Petitioner has not alleged or provided evidence that the circumstances of her re-detention entitle her to release rather than a bond hearing.  *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority").  Accordingly, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

[6] Some Magistrate Judges in this District, including the undersigned, have considered whether detention of similarly situated petitioners violates due process when those

In any event, Petitioner's APA and Fourth Amendment claims are not likely cognizable in habeas. Any claims for APA relief "necessarily imply the invalidity of [her] confinement," so they "fall within the core of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citation modified); *see also id.* at 674 ("Given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (citation modified) (Kavanaugh, J. concurring).

As to any Fourth Amendment claim, "[h]abeas has traditionally been a means to secure *release* from unlawful detention," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), while "the suppression of evidence is the typical remedy" "[f]or a Fourth Amendment violation," *Kanda v. Cole*, No. 26-CV-158, --- F. Supp. 3d ---, 2026 WL 1014400, at *4 (S.D. Tex. Apr. 10, 2026); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) (noting "the 'body' or identity of a [non-citizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred"). This is especially true here where

---

petitioners raise such a claim and seek a bond hearing specifically requesting the government bear the burden at such hearing to establish the petitioner's risk of flight or danger. Here, the Petition neither requested burden shifting at a bond hearing nor alleged Petitioner was entitled to such burden shifting. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (declining to address the due process and burden shifting issue where it was not raised in the petition). As such, any relief recommended in this case as the result of a due process violation would be limited to the same relief recommended for the INA violation, so the Court need not address it. *See id.* at *1 (declining to address a similarly situated petitioner's due process claim).

Respondents provided the Court with Petitioner's 2026 arrest warrant, which is dated six days before Petitioner alleges she was detained by ICE.  Doc. 15-6 at 1.

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.  The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **June 18, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **June 24, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 11th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

11