**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OSCARI NAZARETH** | ) | |
| **MICHELLANGELLI QUINTERO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-746-R** |
| | ) | |
| **TODD M. LYONS, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Chris M. Stephens [Doc. No. 18] recommending that the Petition be granted in part and Respondents ordered to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Respondents filed a timely Objection [Doc. No. 19], which obligates the Court to undertake a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). Petitioner filed a reply [Doc. No 20] to Respondents' Objection.

Respondents object to Judge Stephen's conclusion that 8 U.S.C. § 1226, rather than the mandatory detention provision set out in 8 U.S.C. § 1225(b)(2)(A), governs Petitioner's detention. Upon de novo review, and in accordance with the Tenth Circuit's recent decision *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), the Court concludes that § 1226(a) governs Petitioner's detention. The Court further concludes

that the appropriate remedy is a bond hearing and that Petitioner has not provided sufficient evidence or argument to show that the circumstances of her re-detention entitle her to immediate release. *See id.* at 17 n. 13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026) ("The proper remedy is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

Accordingly, the Report and Recommendation [Doc. No. 18] is ADOPTED. For the reasons stated therein, the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or release Petitioner. Respondents shall certify compliance with this order. Because the Court grants relief on statutory grounds, it declines to reach the remaining claim.

IT IS SO ORDERED this 1st day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

2